**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Parasdeep Singh,

           Petitioner,

v.

Kristi Noem, et al.,

           Respondents.

No. CV-26-00454-PHX-MTL (DMF)

**ORDER**

**I.**

Petitioner, a citizen of India, has been present in the United States since 2022. (Doc. 1 at 6.)  His application for asylum was denied but is on appeal.  (*Id.* at 7.)  At some unknown time after, Petitioner was detained by Immigrations and Customs Enforcement and remains in immigration detention.  Petitioner filed this habeas corpus action challenging his immigration detention and seeking a bond determination hearing under 8 U.S.C. § 1226(a).  Respondents argue that Petitioner is subject to mandatory detention without bond under 8 U.S.C. § 1225(b)(2)(A). (Doc. 8 at 2-3.)

**II.**

**A.**

For the reasons explained in *Chavez v. Noem*, — F. Supp. 3d —, 2026 WL 381618, at *1-2 (D. Ariz. Feb. 9, 2026), the Court finds that a person who entered the United States illegally and is clearly and beyond a doubt not entitled to admission, is subject to mandatory detention under § 1225(b)(2)(A). *See also Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th

Cir. 2026).

Based on this record, the Court finds that Petitioner is present without having been admitted and is therefore treated as an applicant for admission under 8 U.S.C. § 1225(a)(1). The Court further finds that an immigration officer has not determined Petitioner clearly and beyond a doubt entitled to be admitted, and therefore mandatory detention under 8 U.S.C. § 1225(b)(2)(A) applies. Petitioner's statutory and regulatory claims must be denied.

**B.**

As far as Petitioner alleges that his detention violates his due process rights, he is mistaken. The government began removal proceedings against Petitioner under procedures set forth in the Immigration and Nationality Act ("INA"). An alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see also Espinoza Lopez v. Noem*, 26 Civ. 00345 (JHR), 2026 WL 266597, at *3 (S.D.N.Y. Feb. 2, 2026).

In this case, Petitioner received due process in two respects. First, he was afforded the procedural protection of the INA. Second, he was subject to the determination procedures established by Congress in the Illegal Immigration Reform and Immigration Responsibility Act where an immigration officer determined that he was not entitled to a bond hearing. These procedures represent the due process as provided by Congress in statute. Petitioner is entitled to nothing further under the Constitution.

**C.**

The Court also rejects Petitioner claim his detention violates the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2), as being arbitrary and capricious. Petitioner cannot assert an APA claim. Under 5 U.S.C. § 704 (emphasis added), "[a]gency action made reviewable by statute and final agency action *for which there is no other adequate remedy in a court* are subject to judicial review." By bringing a habeas petition, Petitioner has an adequate remedy in court, so he cannot also bring an APA claim. *See Trump v.*

- 2 -

*J.G.G.*, 604 U.S. 670, 674 (2025) (Kavanaugh, J., concurring) (stating that "habeas corpus, not the APA," was the "proper vehicle" for claims involving alien transfers because § 704 provides that "claims under the APA are not available when there is another adequate remedy in a court" (quotation marks omitted)); *see also id.* at 672 (majority opinion) (per curiam) (describing the claims as "within the 'core' of the writ of habeas corpus and thus must be brought in habeas").

Even on the merits, however, Petitioner's claim fails. Because Petitioner was classified and treated as the INA requires, the government has not acted arbitrarily or capriciously. *See F.C.C. v. NextWave Personal Commc'ns Inc.*, 537 U.S. 293, 300 (2003) ("The Administrative Procedure Act requires federal courts to set aside federal agency action that is '*not* in accordance with law . . . .'" (emphasis added) (quoting 5 U.S.C. § 706(2)(A))).

**D.**

Petitioner's claim that his detention without a bond hearing violates the Suspension Clause is likewise rejected. The Suspension Clause provides that the "Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. Petitioner has not been precluded from bringing this habeas petition and asserting constitutional and statutory challenges to his detention, nor has this Court been precluded from reviewing and ruling on it. *See Demore v. Kim*, 538 U.S. 510, 517 (2003) (holding that § 1226(e) did not bar a habeas petition raising constitutional challenges, so federal courts had jurisdiction to review those challenges); *Brown v. Muniz*, 889 F.3d 661, 676 (9th Cir. 2018) ("[T]he Suspension Clause establishes no particular review standard for habeas petitions; it *does*, however, guarantee access to the federal courts to press a habeas claim."); *Puri v. Gonzales*, 464 F.3d 1038, 1042 (9th Cir. 2006); *see also I.N.S. v. St. Cyr*, 533 U.S. 289, 337 (2001) (Scalia, J., dissenting) ("A straightforward reading of [the Suspension Clause] discloses that it does not guarantee any content to (or even the existence of) the writ of habeas corpus, but merely provides that the writ shall not (except in case of rebellion or invasion) be

- 3 -

suspended."), *superseded by statute on other grounds as stated in Nasrallah v. Barr*, 590 U.S. 573, 580 (2020); *Perez v. Barr*, 957 F.3d 958, 963 (9th Cir. 2020) (noting that the "privilege of habeas corpus entitles the prisoner to a *meaningful opportunity* to demonstrate that he is being held pursuant to the erroneous application or interpretation of relevant law" (emphasis added) (citation and quotation marks omitted)). Petitioner's Suspension Clause challenge therefore fails.

Even considering Petitioner's argument on the merits, however, the Court is skeptical of the conclusion that classifying an alien as subject to mandatory detention would violate the Suspension Clause. Although the Ninth Circuit has stated that "[h]abeas relief for people detained by executive officials of the federal government, including aliens, has been guaranteed by statute since 1789," *Flores-Miramontes v. I.N.S.*, 212 F.3d 1133, 1142 (9th Cir. 2000), members of the Supreme Court have reasoned that even § 1226(e)'s bar of review of mandatory detention under § 1226(c) likely does not violate the Suspension Clause because "historical evidence suggests that [an alien] would not have been permitted to challenge his temporary detention pending removal until very recently." *See Demore*, 538 U.S. at 537-38 (O'Connor, J., concurring); *id.* at 539 ("All in all, it appears that in 1789, and thereafter until very recently, the writ was not generally available to aliens to challenge their detention while removal proceedings were ongoing."); *Thuraissigiam*, 591 U.S. at 116 ("[T]he [Suspension] Clause, at a minimum, protects the writ as it existed in 1789, when the Constitution was adopted." (quotation marks omitted)); *see also St. Cyr*, 533 U.S. at 342 (Scalia, J., dissenting) ("[T]he Suspension Clause guarantees the common-law right of habeas corpus, as it was understood when the Constitution was ratified. There is no doubt whatever that this did not include the right to obtain discretionary release."). Indeed, given this Court's conclusion that the INA permits Petitioner to be classified as an applicant for admission subject to mandatory detention, any Suspension Clause argument would necessarily require the Court to issue a "momentous" holding that "an Act of Congress unconstitutionally suspend[ed] the writ of habeas corpus." *Thuraissigiam*, 591 U.S. at 132. Such a conclusion cannot be lightly

reached, particularly on this limited record and Petitioner's bare argument.

**E.**

Finally, the Court also rejects Petitioner's argument that relief should be granted here because he is a member of the *Bautista* class. *See Calderon Lopez v. Lyons*, — F. Supp. 3d —, 2025 WL 3683918, at *1 (N.D. Tex. Dec. 19, 2025). On March 6, 2026, the Ninth Circuit Court of Appeals temporarily stayed the *Bautista* declaratory judgment, pending a ruling on the Government's emergency motion for a stay pending appeal. *See Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026). If Petitioner believes he is entitled to further relief under the judgment in *Bautista*, he must seek relief in the Central District of California.

For all these reasons, the Petition must be denied.

**IT IS THEREFORE ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. This action is dismissed, all pending motions are denied as moot, and the Clerk of Court must enter judgment accordingly.

Dated this 23rd day of March, 2026.

Michael T. Liburdi
Michael T. Liburdi
United States District Judge

- 5 -